Good morning, Your Honor. Matthew Pruitt for the appellant. May it please the court. At the heart of this, I'd like to reserve four minutes for my response from reply at the end. At the heart of this appeal is the court's conflating of injunctive orders and the failure of service upon Dean Properties of any notice of any injunction that applied in any way to Dean Properties. To understand why the court's order enforcing the SEC's asset freeze is wholly inappropriate and robs my client of due process, the court first needs to understand the timeline. First, Dean Properties filed its complaint in January 14th, 2016. That's four months prior to the SEC filing its complaint and and receiving the temporary restraining order. That temporary restraining order, there was a letter sent to my client that generally notified my client that a temporary restraining order was obtained, but it didn't attach the temporary restraining order and didn't notify my client that it applied to them in any way. Additionally, when my client obtained its judgment, the temporary restraining order was not in place. Rather, it had been on June 10th, 2016, and so when we obtained a judgment on June 21st, 2016, no one had notified my client about a preliminary injunction, rather just the temporary restraining order, which had differing terms from the preliminary injunction. So, could I just interrupt? Because I think what you're getting at is that your client didn't know that this consent judgment would be improper, but wasn't the SEC's point and the district court's point that David Kaplan knew and he couldn't enter the consent? Well, that, I think, was part of their point, and first of all, I think that's an impermissible collateral attack on another court's judgment. I don't think that, you know, the SEC or the court provides any support for why a collateral attack on that judgment would be appropriate in this case. But beyond that, the preliminary injunction did not prohibit the Kaplans from entering into a settlement and obtaining permissing to a consent judgment. Well, didn't it prevent them from incurring a debt, and wasn't the consent judgment essentially a debt at that point? I don't think so. I think the the consent judgment is just a manifestation that deemed properties can collect on a debt that's pre-existing. So, consenting to judgment is just a settlement saying, okay, we acknowledge that this debt exists, and the court is allowing deemed properties now to enforce that judgment. It seems like there's a lot sort of embedded in that, though, because the point of the lawsuit was that there had been some wrongdoing, and I'm not sure he would have, I mean, they did enter this consent judgment, but that seems like it agreed with the premise that there was the debt, which probably before that, there wasn't agreement that there was a debt. Well, I think there has to be. I mean, deemed properties provided money to this party, and they filed their complaint, you know, four months before the SEC filed its complaint. The SEC was fully aware that deemed properties had this complaint out. They actually consulted with deemed properties about their own complaint. At no time did they ever come to deemed properties and say that, you know, you need to stay your case, or you need to stop this. If the court really intended to stop all these other claims from private investors, it should have included that in its injunction, but it didn't. You know, an injunction needs to be specific in order to be upheld under due process and under Rule 65. But why shouldn't we just read the injunction as running against David, and so that would then affect Dean, but it wasn't really against Dean? Well, I mean, it can run against David, but again, the injunction prohibited a debt against property, and a judgment is not a debt against property. A judgment is just a piece of paper that says, okay, you can use whatever tools to execute and collect on this debt, but the Kaplans didn't in any way apply that debt to a property. Rather, the dean properties, who had no notice of the injunction, later went and recorded that debt against a property, but that was not in concert with the Kaplans. So, I thought the argument in your reply brief about the final judgments superseding the asset freeze was quite interesting, but I don't remember seeing it in your opening brief or really prior to your reply brief, and usually we don't allow parties to raise a new argument in their reply brief. Could you speak to whether it appears any time before your reply brief? I do believe we mentioned that. Yeah, the preliminary injunction it was in your reply brief at page 11 and 12. And I know, Your Honor, we mentioned that. I'm trying to look through the papers to see where we mentioned it, but it may not have been as in detail covered, but certainly it's note of that that was not in place. That the judgment, oh, and I mean, I think it's covered actually. You know, when you come back on the report, I'd like to move you to a different point if I could. Let's assume that we agreed with you that the district court's first rationale for its order was not valid. That, in other words, forget about the notice issue, forget about the supposed invalidity of the judgment your client obtained. I thought the district court also had a second rationale which related more toward kind of the priority of the respective claims to the property that's essentially prevent you from jumping the line and getting a more favorable treatment than your fellow defrauded investors. Maybe you can speak to why the district court was wrong on that front. Yeah, I mean, I would say that we didn't jump a line at all. I mean, we had filed before the SEC filed. We obtained a judgment that the statutes allow for individual investors to bring private causes of action. That was completely appropriate for us to do. We recorded first on the property. You know, if the SEC wanted to, the SEC has a lot of decision on how to spread out the funds that they disperse. You know, if they wanted to take our recovery in an account, I assume that's something that they would do. But for the court to say that an individual investor can't collect on its judgment, I think that flies in the face of what Congress intended. Well, it's sort of like the rationale that pertains in the bankruptcy context. We don't want individual creditors basically moving to dismember the debtor in a way that's going to allow them to reap greater than a pro rata share of what they should be entitled to. And it seems to me that rationale applies quite forcefully here. This isn't bankruptcy. There's no guarantee that the SEC would even pursue an action. The SEC isn't required to disperse funds to the individual investors. And so if an individual investor wants to recover, they're either at the mercy of the SEC wanting to pursue things and then actually dispersing after pursuing it, or they have to make the choice to spend considerable assets of their own to recover what they've lost. And I think that, you know, we shouldn't discourage that. We should encourage them being able to recover that if they're going to spend considerable assets themselves, especially when my client provided a lot of information to the SEC, supporting all the claims that the SEC made. Right, but the SEC's action is brought basically on behalf of you and all the other not not you, but your client and all the other defrauded investors. I read the final judgment as requiring the SEC to basically collect, you know, to gather all of the available assets and to form a fund to distribute to again, I assume if there's not going to be recovery 100 cents on the dollar on some pro rata basis, and you're jumping in to try to get more favored treatment strikes me as something that the district court had the power under its equitable powers to stop. I don't believe so. I think that was a constitutional taking by, you know, anytime a court takes private property rights, you know, we have private property rights to the judgment and to the end to the judgment lien. And anytime that happens, it's an unconstitutional taking, if done without compensation. What's your best case authority for that proposition, which I find highly, highly lion or a letter versus block, the final judgments of causes of action or vested property rights. And cite a case in which there was a fight over the priority of liens, in which a court exercising its equitable powers favored one lien over the other, and it was ruled to be a taking of property for, you know, some kind of public use that just doesn't strike me as a viable constitutional argument at all. But what what's your best authority for that problem? Well, stop the beach, beach renourishment versus Florida Department of Environmental Protections. So real property, though, isn't it that case? It's like about saying, yeah, I believe so. Yeah. And, and, you know, here we have real property interests as well with our judgment lien. How do you deal with the cases that the SEC relies on? It's in particular wanky or wank. And I think is the other one kicky. I can't remember the second case. Wanky dealt with a stay on the state court. And, and also a receivership. This this case didn't involve a receivership. Rather, it's an in personam injunction that has to be served on people to be enforceable. The court could have gone the route of establishing receivership over this property. And that would be an in rem receivership, but it didn't. And so the the the injunction wasn't over the property itself, but was just over the persons that were going to act on the property. And so they had to have proper notice for the injunction to be effective. Sorry, go ahead. I was just just going to ask why the receivership matters. I mean, that is a factual distinction from wanky. But I thought a rationale there was that the district court has inherent equitable authority to when it's hearing this kind of case to ensure that there's going to be some property left so that there can be effective relief at the end of the case. Sure. And that rationale applies equally here, it would seem. It has equitable authority, but not not not beyond the bounds of due process. And the taking spots. And so if you're, if, if my client hasn't been properly noticed about the injunction, then Then there's that's that's not due process. Let's get back to the point that the injunction can run against David, I still don't really understand why the court can't equitably protect the assets so that all of the defrauded investors can recover by having an injunction against the capital. Well, I mean, the court can enjoin the Kaplan's actions. But it didn't enjoy our actions. It can only enjoy the the actions of the Kaplan's and those who are an active concert. But if the Kaplan's hadn't agreed to the consent judgment, you wouldn't have it right That's true, but the consent judgment was not against property. It wasn't a debt against property, which is what the preliminary injunction. sought to prohibit and and that debt against property. And, you know, it later became one but But not by the hand of the Kaplan's Mr. Pruitt, can I ask you, are you able to see the clock. I am not, Your Honor. I can't either. It's like it went away, which I wonder Okay, well, I'm sorry. You should continue. I've just, I know. Well, if, if Your Honor's, you know, don't have any other questions, I'll Save what maybe a few minutes for the courtroom in Pasadena. Let me just see. Okay, yeah, Michelle Friedland Hi. Are you guys disconnected. Very good. So, Mr. Capehart, you are up. And it looks like we've got 15 minutes on the clock for you. So whenever you're ready, please proceed. All right. Thank you, Mr. Blufford. And Jenea, please, the court. Dean properties arguments concerning the various orders that the district court entered before judgment in this case are collective distractions on several levels. Only two orders matter for purposes of this appeal. The order invalidating the judgment lane, the dean properties acquired in violation of the asset freeze. And the order and joining the property from executing on assets that were subject to that asset freeze. A dean properties has waived any challenge with respect to the injunction order and its Fifth Amendment challenges to the order invalidating its lien are meritless on the face of the record. With respect to its due process challenge dean properties doesn't meaningfully dispute the district court's finding that it received actual notice of the asset freeze on multiple occasions before and after it acquired its judgment. It contains only and without any supporting authority that that notice wasn't actual enough, even though in April 2018 it's stipulated as the asset freezes existence and scope. Second, invalidating dean properties judgment lane did not violate the takings clause, even assuming that a nonspecific judgment lane qualifies as a constitutionally protectable property interest position for which again dean properties points to no supporting authority. The lien was acquired in violation of the district court's lawful orders and in any event, at best, could have applied only to real property. Excuse me, it could apply to real property in the county in which dean properties judgment debtors owns no real property. So, in short, these are. Stop you. Let me stop you there just to push back on one point you made. Let's say that we disagreed with your position that the entry of the judgment itself in the eastern district of Virginia was somehow avoid or, you know, a no act because it I think the entry of the judgment itself didn't inflict any harm on the SEC ability to Collect on this judgment. And in fact, the judgment would be valid presumably long after the SEC has done collecting whatever You know assets that can gather. Now what's the problematic point is you mentioned is the entry of the lean and that's the The action that I think the district court was rightly focused on maybe respond to the your opponent's argument that the invalidation of that lean constituted a taking Of the properties property interest. Certainly, I want to clarify. First, as you point out the district court did not attack the Virginia judgment in this case. In fact, it said nothing about the Virginia judgment and my point. I apologize for not being clear that my point was The lean itself was acquired in violation of the asset free. There's no question, I think. The reason I jumped in is that I don't think that's correct. The asset freeze did not bind Dean properties properties wasn't subject to any kind of an injunctive order. Forbidding it to take steps to, you know, acquire a lean that so what the district court status that somehow Mr Kaplan Had done something wrong in the Eastern District of Virginia by agreeing to entry of the judgment. And that's the step in the analysis that I'm questioning. When you shift forward to when Dean properties perfectly free to do whatever it wants, not Bound by any asset freeze order when it acquired the lean that didn't violate any order that the district court had entered against the properties. It was just acting on its own. And at that point, the Kaplan's were totally out of the picture. I think that's, that's right, your honor. But I think, again, the enforcement, the attempted enforcement of that lane, particularly given the dean properties knew about the asset freeze. Did run afoul of the district court's orders and did justify the district court acting under its inherent equitable authority to safeguard both its equitable processes and the equitable relief that at that court, excuse me, that at that point, the court had ordered for the benefit of all of Mr Kaplan's victims. Can I ask the district court. The use the phrase set aside the lean. What, what do you think it means to set aside the lean, as opposed to simply enjoining Execution of the online. I believe what is what it's saying. I think, you know, not, not, not be too clear, but I think that it means what it says. I mean, I think the lean itself is no longer capable of enforcement. And I take your point. However, that it may, it may seem duplicative, given the separate injunction order, but I think the court's point was to, if nothing else, clear title or to establish a priority system. So that the SEC preexisting enforcement efforts could proceed unencumbered by any device that the properties might try to throw up to interfere with those efforts again. But is it your understanding that that that setting aside, then a It doesn't seem like it should be a permanent but a permanent block on the lane. But is that what you're saying. You think it is a permanent block. I'm not sure whether it would qualify as a permanent block because of course the properties is always free to move to modify or supervision of the district court. And the district court would then evaluate whether that was appropriate under the circumstances. I think the court's point for present purposes was simply to make way for the SEC is equitable enforcement efforts to continue So how long will that take. I mean, it should, should there be a time limit on this like the district court should have said two years or something. Along. We're not sure how long it would take your honor. And I think, you know, right now we don't know, principally because we have been litigating whether the commission can even continue with its collection efforts. It's unclear how long the general questions process takes but two points. I mean, again, as I said, the properties is always free to move to modify the district court's order, but also the asset free only applies to property. That was that was considered an asset of the capital at the time within the position. Nothing prohibits team properties from attempting to levy on assets or their property that is not subject to that. I think that's it. Could you speak to this argument in the reply brief that the final judgments actually superseded the asset freeze and it doesn't seem like this property is listed in the final judgment. So I'm a little bit unclear what your response will be to that. Sure. Well, I think that my, my 1st point is that that argument has been waived. It was not raised in front of the district court and it was raised for the 1st time in this court in the reply. But my 2nd point, I think, you know, presuming assuming that a challenge has been preserved is that it doesn't really make a difference. It doesn't affect the, whether the, the asset freeze survived the final judgment or not has no bearing on. Whether the district court rightly invalidated the lien, whether the or really their sex with the course injunction or either. It has nothing to do with being properties. Due process calls challenge. It is perhaps may be relevant to their takings clause challenge. Although again, The only interest that being properties has ever been able to assert in the capital asset arose from a clear violation of the district court's orders. That paint does not go away. And even if it could be washed clean. It wouldn't change the fact that that interest to the extent it existed. Only applied to real property in a county were deemed properties judgment debtors owns no real property. So whether the the asset free survive the judgment or not makes no difference for purposes of the orders under review. And if I could, I'd like to turn Briefly to just Miller's and just walkers comments concerning the scope of this reports equitable authority here. My colleagues reading of the winky case as as somehow happening district courts inherent equitable power situations in which a receiver has been appointed Can't be squared with the winky decisions itself. So, for example, at page 1369 of the opinion. The court notes that both the power of a district court to impose a receivership or to grant other forms of ancillary relief derives from the inherent power of affordable equity to fashion effectively. And likewise at page 1371 the court noted again that both the Supreme Court has repeatedly emphasize the broad equitable powers of federal court to shape equitable remedy to the necessities of particular cases, especially as in this case. Where a federal agency seeks enforcement in the public interest. If the Supreme Court or this course precedent stood for the proposition. That of course inherent power was bound up in the appointment of a receiver, neither would have spoken about the scope of that power in such sweeping terms. And more to the point, this court certainly wouldn't have in later cases affirmed winky articulation of course inherent powers. Where the nature of the equitable relief imposed had nothing to do with the receivership. So for example in Hickey this court relied on winky to affirm the imposition of an asset freeze against defendants non party affiliate Noted at page 1131 that the asset freeze was authorized quote by the district courts broad equitable powers. Drawn from a tradition of allowing reports to reach third parties in order to affect orders and securities fraud enforcement actions. And in fact, even outside of securities context for in FTC the Americans for Financial Reform, for example, the court again looks to winky and other similar authorities to In order to protect its equitable power and to give effect to its judgment that the only qualifications on that power. And then the exercise for protective purpose that is to protect courts equitable processes or equitable reef that's been imposed and that the party to be bound have notice now both happened here. The district court invalidated the lien because first, David Kaplan had squarely violated the asset freeze. In consenting to the Virginia judgment to Kaplan and Dean properties had frustrated the purpose of the asset freeze and three their collective misconduct and compromise the Commission's effective enforcement of the federal securities laws. And even if they had preserved a challenge to the injunction work. Dean properties repeatedly attempted to interfere with the district court and the Commission's efforts to import or to use me to effectuate the final judgment in this case. And in those circumstances that this report rightly concluded that it should act to preserve the status quo and to ensure the integrity of proceedings. Now, I understand my colleagues point that Dean properties did not have notice of the assets. We did not have Sufficient notice, but that simply cannot be squared with the record as the Commission explained in its brief in properties for He Because it actively participated in that litigation. There is Can I ask why under your argument regarding the district courts inherent equitable powers. Why does it matter whether Dean had notice of the asset freeze or not. Because it's clear from cases like wiki that courts that the courts who are going to exercise their inherent power against a third party, someone who may not fall within, say, the scope of a traditional rule 65 injunction to at least have noticed this and what the district courts doing I think that that's reasonable. And it's also certainly what happened in this case. Well, but it seems under your view of what the district court had the authority to do here, even if Dean properties first learned of You know, the existence of the SEC is action in, you know, I can't remember what month and year was sometime in 2019 when it tried to perfect this lean I assume the SEC would still take the position that that we could not take priority over the SEC is collection efforts. Is that right. That's right. Okay, so it just seems like the notice part that you spent a little time talking about is irrelevant. At least I'm sorry. I'm sorry. It seemed like It seems like you're not You're not You're not Now I understand your Can you respond to your opponent's Assertion that actually the SEC is not really Trying to do anything to collect this money to pay out to defrauded investors and that in fact, you're under no obligation to do that. Uh, yes, your honor. I'm happy to I point the court first to the judgment in this case, which specifically ordered the commission to retain any funds. Collected for possible inclusion and a fair fund to be distributed to Mr Kaplan's victims. And I think Apart from any general authority as the primary regulator of the national security law or excuse me of the national securities markets to act on behalf of investors. Um, the district court's order makes clear that that is what the commission is supposed to do in this case. And what is the status of the collection effort My understanding your honor those efforts are stayed pending this appeal All of them At least with respect to David Kaplan and Mrs. Kaplan. Yes Wait, but aren't they the only people that the Now I'm very confused. Shouldn't there be lots of different properties and there's only one property at issue in this case. I mean This isn't their only asset. Is it? We believe this is the only asset capable of satisfying Mrs Kaplan's Discouragement obligation. I'm I'm not sure about the extent of Mr Kaplan's or so these assets. Um, I Do not have that information in front. I apologize because this seems quite concerning. I mean the reason for this freeze is so the SEC can Collect enough property to distribute to the victims, but it shouldn't go on forever. I mean If they can get enough property then dean property should be able to collect on this lien I think so i'm concerned by your answer that you don't seem to know or that nothing's happening. I don't really understand that Uh, well your honor, I mean as I said the only asset really at issue in this appeal is Lisa Kaplan's house Um, and I think the commission has not tried to move on collection of that house because it is specifically tied up But have they tried to collect enough money in other ways to to give to the victims? Um, I do I do not have information on the current status of their collection ever confirmed It's my understanding that collection has been stayed pending the outcome of this case I Just don't understand why that would be true As to any other property that the Kaplan's might have or any bank accounts I mean the final judgment listed a bunch of bank accounts and investment accounts I don't understand why any of the collection of those things would be affected by this one house I understand your honor and i'm sorry. I do not have more information considering the current status of collections, uh in front of me I'm happy to submit a letter with more up-to-date information if the court so desires Okay, uh, thank you, mr. Capar Let's put I I don't know if we know how much I know it's not five minutes and five Let's put three minutes on the clock for mr. Pruitt for a bottle, please Thank you, your honor. Um The the winky case was was mentioned. I wanted to to respond on that. Um I I think winky is is pretty irrelevant actually to this matter because we're not disputing the court's equitable authority to Grant the asset freeze. We're just saying it didn't apply to dean properties or to their judgment um, and and so, you know, we're we're discussing matters of of notice and and what the What the injunction actually said? Um, which did not apply to dean properties or their or their judgment? um It uh, you know if we read the actual text of the injunction the preliminary injunction it talks about transferring selling encumbering uh and and doing this on any funds assets or property a judgment itself is not any of these actions on the property or assets of of the capitals Um Further I I did want to to let the court know I did find the citation regarding the final injunction on january 8th 2018 And that is on page 15 of our brief um, it it's not in extreme detail, but but we do make the argument that the injunction is presently constituted Is the january 8 2018 injunction um, and and so when the the one problem we come to with with the court's order is that I don't say anything about superseding The asset freeze. I mean the thing that I thought was interesting about your argument was that maybe The asset freeze was actually no longer in place by the time you got the lien But that doesn't seem to be on page 15. That's just the truth of it I mean if if we're saying that the injunction is presently constituted is one from january 8 2018 Then that means that that it's superseded because anytime you have a preliminary injunction and it gets to final judgment It's it's no longer in effect. It's it's assumed by that final injunction And that final injunction did not include an asset freeze and so if the court's saying If the court's injunction here if their their order is saying that that we can't enforce anything That is restricted by the asset freeze. It's really meaningless because there is no asset freeze still in place Um that that would prohibit us from from executing on the property And and I I also wanted to point out that you know, if they're arguing that that the enforcement of the Of the the lien was the violation that all happened after The permanent injunction was in place and when the asset freeze was was no longer in place So it couldn't be a violation of the asset freeze Okay. Thank you. Counsel. I appreciate the argument The case just argued is submitted
judges: Watford, Friedland, Miller